# Warner-Smiley Co. v. Cooper.

## *Action of Assumpsit.*

1. *Pleading and practice; effect of joining issue on immaterial pleas.*—Where the sufficiency of several pleas interposed are not tested by demurrers, but issue is taken upon them, the defendant is entitled to recover upon said pleas if he proves the facts averred, although such pleas were insufficient or presented an immaterial issue; and evidence tending to prove the facts set up in such pleas are admissible, although upon proper issue in the case they would be irrelevant and immaterial.

2. *Trial and its incidents; effect of failure to answer questions.* If in the examination of a witness the court erroneously allows a question to be asked, such ruling is error without injury, when it appears that the question was not answered.

3. *Same; when introduction of illegal evidence without preju-dice.*—The introduction in evidence of illegal and irrele-vant testimony is without prejudice to the person objecting to the introduction of such testimony; if the fact sought to be established thereby had been previously proved and ad-mitted in the case.

4. *Action; fatal variance between complaint and proof.*—Where an action of assumpsit is prosecuted by "Warner-Smiley Co., a partnership composed of W. M. Newton and G. D. Smiley," and there is no evidence that the defendant owed Newton and Smiley, or the firm composed of these persons, but the testi-mony shows that the firm of Warner and Smiley were com-posed of said Newton and Smiley and one Shaw, there is a variance which is fatal to the recovery by the plaintiffs, and the defendant is entitled to the general affirmative charge against the plaintiffs' claim.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was begun by attachment, issued from the justice court of I. H. Benners, a justice of the peace in and for Jefferson county, Alabama, on the 28th day of June 1898. The affidavit for attachment shows that the plaintiffs in the case are "Warner-Smiley Company, a partnership composed of G. D. Smiley and W. M. New-ton"; and the affidavit further shows that the amount claimed to be due the plaintiffs from the defendant, Guy Cooper, was for board of a horse. The complaint filed in the case on the day of the trial in the justice court, August 11, 1898, however, describes the plaintiff as a body corporate; but no point was made on this variance between the plaintiffs as described and mentioned in the affidavit and in the complaint, and the final judgment in the case designates the plaintiffs as a partnership composed as aforesaid, and it is in such capacity that the appeal is taken by them. The complaint also claims the amount there stated, $13.70, for board of one brown horse. A judgment was rendered for the plaintiffs by the justice of the peace, and an appeal was taken by defendant to the city court of Birmingham, where the case was tried *de novo* upon the same pleadings as were filed in the justice court. Four pleas were interposed by

the defendant; the first being *nil debit,* the second the general denial of the allegations of the complaint, and the third a special plea setting up that the horse for the board of which the suit was brought was bought by defendant from plaintiffs with a warranty that he was sound and well and was suitable for the purposes for which defendant wanted a horse. and that there was a breach of the warranty, that the horse was not sound and well, and that the horse was, because of said breach, left at plaintiff's stable at their request for treatment, and defendant did not agree to pay plaintiffs for the board of the horse. The fourth plea was a plea of recoupment, in which the defendant averred that the account sued on was for the board of a horse which the defendant bought from the plaintiffs with a warranty that the horse was sound and well and suitable for the purposes for which the defendant wanted a horse; that there was a breach of said warranty in that the said horse was not sound and well and was not suited for the defendant's purposes, and that the defendant was damaged by reason of said breach of warranty to the extent of $80, which he asked to be recouped against the amount claimed, with judgment against the plaintiffs for the excess. There were no demurrers interposed to these pleas.

The plaintiffs introduced in evidence the account sued on, amounting to $16.70, and one of the plaintiffs testified that the defendant had made a payment on this amount, reducing it to $13.70. J. B. Smiley, one of the plaintiffs, testified that the items of the account sued on were for the board of a horse which the plaintiffs had sold to the defendant; that this horse was sold to the defendant for $150, $75 cash and for the balance the defendant gave his note; that this note was discounted by one Bob Garry, who, at the time, was the owner of said note. The evidence for the plaintiffs further tended to show that at the time of the sale of the horse to the defendant they did not guarantee him to be well and sound, nor did they guarantee him to be suitable for a lady to drive.

The defendant, as a witness in his own behalf, testified that he went to the stable of the plaintiffs for the purpose of buying a horse, and told the plaintiffs that he wanted a horse that was fast and that was gentle and suitable for a lady to drive; that the plaintiffs showed him the horse in question and told him that he would answer every purpose, and warranted him to be well and sound; that after having purchased the horse, he carried him home, and in a few days found that he was sick; that he complained to the plaintiffs about the horse's condition, and the plaintiffs asked him to leave the horse at their stable and they would get him alright; that in accordance with this request he carried the horse to the plaintiffs' stable, and it is for his board for the time he was there that the suit is brought.

During the examination of the defendant as a witness he testified "that the horse was not gentle or safe for a lady to drive behind." Plaintiffs objected to this statement, moved to exclude it from the evidence, upon the ground that it was illegal, immaterial and irrelevant. The court overruled the objection and motion, and the plaintiffs duly excepted.

There was evidence introduced on the part of the defendant tending to show that the horse was not well at the time of the purchase and had never recovered, and was not well and strong as he was warranted to be according to the plaintiffs' testimony.

In rebuttal, the plaintiffs examined Bob Garry, as a witness, and this witness testified that he had discounted the defendant's note, and was the owner of it at the time. He further testified that he was present at the time of the trade, and that the plaintiffs did not guarantee the horse purchased by the defendant to be sound and alright. On the cross-examination of this witness he was asked: "Whether or not he was suing Guy Cooper (the defendant) upon the above mentioned note." The plaintiffs objected to this evidence because it called for immaterial and illegal evidence. The court overruled this objection, and the plaintiffs duly excepted. The bill of exceptions fails to show that this

[Warner-Smiley Co. v. Cooper.]

question was answered. In rebuttal the plaintiffs objected to the introduction of this note, the court sustained the objection, and the plaintiffs duly excepted.

It was admitted by plaintiffs that the horse in question was too wild to be safe for a lady to drive.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the following written charges, to the giving of each of which the plaintiffs separately excepted: (1.) "The court charges the jury that if they believe from the evidence that the horse was left at plaintiffs' stable at their request so that the horse could be treated and defendant did not agree to pay for the board thereof, then they shall find for the defendant." (2.) "The court charges the jury that if they find from the evidence that the defendant told the plaintiffs the purposes for which he wanted a horse and the plaintiffs sold the said horse to defendant with a representation that the horse was suitable for such purposes, then they shall find for the defendant, if they further find from the evidence that the defendant was damaged thereby as much or more than the amount claimed in this action." (3.) "The court charges the jury that if they find from the evidence that the plaintiffs requested the defendant to leave the horse at their stable so that he could be treated and be got in condition for the defendant to use, and it was not the understanding by and between the plaintiffs and defendant that the defendant should pay the board of the horse while at the stable for such treatment, then they shall find for the defendant."

There were verdict and judgment in favor of the defendant, on his plea of recoupment, fixing his recovery of the plaintiffs in the sum of $83.30. Plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

J. W. BUSH, for appellants, cited *Lawton v. Ricketts*, 104 Ala. 430; 22 Am. & Eng. Ency. Law, 211; 30 Conn. 40.

JAMES A. MITCHELL, *contra*, cited 2 Parsons on Contracts, 862-3; *Grisham v. Bodman*, 111 Ala. 201; *Perry v. Johnson*, 59 Ala. 653.

McCLELLAN, C. J.—The sufficiency of pleas 3 and 4 was not tested by demurrer, but issue was taken upon them. Therefore, whether the facts set up in plea 3, abstractly considered, presented a good defense to plaintiffs' claim for board of defendant's horse or not, defendant was entitled to a verdict upon proof of them. Similarly, though plea 4 may have in point of legal fact been bad as a plea of recoupment, because the matters set up in it did not grow out of or were not sufficiently connected with the transaction counted on by the plaintiffs, yet the defendant was entitled to recover the damages he claimed therein if he proved the facts averred: And he was entitled of course to adduce evidence under, and to have the issues presented by, the pleas respectively submitted to the jury if there was any evidence tending to support them.

There was evidence tending to show that defendant told plaintiffs the purposes for which he wanted a horse, viz., for a lady to drive, and that plaintiffs represented that this horse was suitable for that purpose. All this was competent under plea 4; and it was further competent for defendant to show that the representation was untrue, that "the horse was not gentle nor safe for a lady to drive behind."

If it was error to allow defendant to ask the witness Garry whether or not he was suing Cooper on the note given for part of the price of the horse, it was error without injury as the question was not answered.

It is insisted for appellants that they were prejudiced by the exclusion of this note from the jury, because the paper showed that it was negotiable and hence would have rebutted any inference of interest on the part of Garry as a witness to testify favorably to plaintiffs arising from the fact that he was suing Cooper on the note, etc., etc. But that the note was negotiable was already a fact proved and admitted in the case, so that plaintiffs could not have been hurt by the refusal

of the court to allow the paper to go in evidence.

There was a material variance between the complaint and the proof in respect of the partnership prosecuting the suit and holding the alleged claim against Cooper. It is made to appear that the suit was prosecuted by "Warner-Smiley Co., a partnership composed of W. M. Newton and G. D. Smiley." This was in legal effect an action by Newton and Smiley. There was no evidence that the account sued on was due to such partnership, or the members composing it. To the contrary Newton testified "that he was a member of the firm of Warner-Smiley Co., and that the other members of said firm were G. D. Smiley and E. T. Shaw. * * * That said firm had an account against the defendant, Guy Cooper, for sixteen dollars and seventy cents." That Cooper paid certain items of the account after suit brought [possibly while the suit was prosecuted as a corporation] "and denied that he owed the other items, and that said account was just, correct and unpaid." And this was all the evidence on the point. There being no evidence that defendant owed Newton and Smiley or a firm composed of Newton and Smiley as alleged in the complaint, but the only evidence being of an indebtedness to a partnership composed of Newton, Smiley and Shaw, that is to Newton, Smiley and Shaw, there was a variance fatal to a recovery by plaintiffs, and defendant was entitled to the affirmative charge against plaintiffs' claim. It follows that if errors were committed by the court in giving the first and third charges requested by defendant, they were not prejudicial to the plaintiffs.

It was proved beyond controversy and admitted by plaintiffs that the horse was not suited for a lady to drive. Referring the second charge given for defendant to this admission and proof, appellants can take nothing on account of the court's action in giving it.

The judgment must be affirmed.